UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **NELLY RODRIGUEZ**, an individual, | Civil Case No. 3:12-CV-00881-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| v. | |
| **LIBERATOR MEDICAL SUPPLY, INC.**, a Florida corporation, and **DIGITAL JUICE, INC**., a Florida business, | |
| Defendants. | |

Gregory Kafoury
Mark Gillis McDougal
Kafoury & McDougal
320 SW Stark Street, Suite 202
Portland, Oregon  97204

Linda K. Williams
10266 SW Lancaster Road
Portland, Oregon  97219

       Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Megan S. Cook
Michael M. Ratoza
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 SW Fifth Avenue
Portland, Oregon   97204

David P. Smith
The Smith Firm, PC
1754 Willamette Falls Drive
West Linn, Oregon  97068

      Attorneys for Defendants

KING, Judge:

      Plaintiff Nelly Rodriguez is a Spanish language television personality residing in Multnomah County.  She alleges defendant Digital Juice, Inc., which has a principal place of business in Florida, sold defendant Liberator Medical Supply, Inc., a Florida corporation, a likeness of Rodriguez without her knowledge or consent.  In an Amended Complaint, Rodriguez alleges a common law tort claim for commercial misappropriation of likeness and a Florida statutory claim for commercial misappropriation of likeness.  Defendants removed the action from Multnomah County Circuit Court.  Before the court is Plaintiff's Motion for Remand [9] and Defendant Digital Juice, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [8].

      Several of the attorneys in this action have spilled a lot of ink on whether appropriate and timely conferrals took place under Local Rule 7-1.  I prefer to decide a motion on the merits and generally do not decide a motion based on a failure to confer.  I do expect, however, that counsel appearing before me act as the professionals they are trained to be and follow the local rules.  Putting that aside, and for the reasons below, I remand the action to state court.

Page 2 - OPINION AND ORDER

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to the federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a). Diversity jurisdiction exists if there is complete diversity and the amount in controversy is over $75,000. 28 U.S.C. § 1332.

The defendant has the burden of establishing that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). Courts strictly construe the removal statute against removal jurisdiction. Any doubt as to the right of removal is resolved in favor of remand. Id.

## DISCUSSION

In the Amended Complaint, Rodriguez seeks damages of $70,000 for her tort claim and attorney fees in an unspecified amount for her statutory claim under Section 540.08, Florida Statutes.[1] Defendants removed the case after concluding that attorney fees would easily exceed $5,000, thus reaching total damages of over $75,000, as required for diversity jurisdiction under 28 U.S.C. § 1332. There is no dispute that complete diversity exists between the parties.

In seeking remand, Rodriguez explains her counsel had drafts of the complaint which included a claim for federal copyright infringement that would have allowed attorney fees under 17 U.S.C. § 505. In editing the drafts to delete the federal claim and create the filed documents, counsel inadvertently failed to remove the request for attorney fees from the prayer for relief.

---

[1] "No person shall publish, print, display or otherwise publicly use for purposes of trade or for any commercial or advertising purpose the name, portrait, photograph, or other likeness of any natural person without the express written or oral consent to such use . . . ."

Rodriguez argues the mistake was a scrivener's error, which should be overlooked under the case law.  Alternatively, she contends defendants cannot satisfy their burden of proving she seeks damages over $75,000.

Defendants argue the courts determine whether diversity jurisdiction exists by looking at the pleadings at the time of the removal.  They claim a scrivener's error is more in the nature of a typographical error and not the failure to understand that the state statute did not support the claim for attorney fees.  Thus, although defendants are not displeased by Rodriguez's decision to drop her claim for attorney fees, they argue that her voluntary change cannot destroy diversity jurisdiction which existed on the face of the Amended Complaint at the time of removal.

I agree with Rodriguez that she has no entitlement to attorney fees for her claims.  Florida and Oregon courts only award attorney fees if the award is authorized by statute or a contractual term.  Am. Family Mut. Ins. Co. v. Alvis, 72 So.3d 314, 317 (Fla. Dist. Ct. App. 2011); Rivera-Martinez v. Vu, 245 Or. App. 422, 429, 263 P.3d 1078 (Or. App. 2011).  The Florida statute referenced in the Second Amended Complaint does not authorize an award of attorney fees and the common law tort claim cannot support a request for fees.

Defendants cite Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005), for its holding that notice of removability under 28 U.S.C. § 1446(b) "is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."  Harris addressed when the 30-day removal clock started in a situation in which a defendant's citizenship was not alleged, but plaintiff abandoned the claim against that defendant ten months after filing the case when plaintiff could not locate the defendant for service.  It turned out the missing defendant was dead.  The other defendant

Page 4 - OPINION AND ORDER

removed the case once it was clear that plaintiff had abandoned the claim. The court concluded the removal was timely because the defendant did not have a duty to search its records "to ferret out" information about the missing defendant and learn of his death sooner. Id. at 695-96. That is a very different situation than determining if the amount in controversy can be reached by adding in attorney fees. Harris addresses a factual issue; the situation before me concerns a legal question. I do not see any application of Harris here.

I do agree with defendants that withdraw of a claim after removal, including one for attorney fees, does not change whether the case was properly removed. The propriety of removal is determined solely on the basis of the pleadings at the time of the removal. Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). There is no need to determine if plaintiff's counsel made a scrivener's error, however, because the burden of proof resolves the issue.

When a defendant removes a plaintiff's state court complaint which "does not specify a particular amount of damages," the defendant must establish by a preponderance of evidence that the amount in controversy exceeds $75,000. Gibson v. Chrysler Corp., 261 F.3d 933, 404 (9th Cir. 2001).

Here, the Amended Complaint specified damages of $70,000 plus an unspecified amount of attorney fees. Thus, the Amended Complaint did not specify a particular amount of damages sufficient to satisfy the amount in controversy required for diversity jurisdiction. Under Gibson, defendants have the burden to establish that the amount in controversy includes at least another $5,000 in attorney fees. Defendants cannot prove this because there is no way Rodriguez can recover any amount of attorney fees for her claims. Accordingly, defendants fail to meet their burden and the case must be remanded to state court. Moreover, this court does not have subject

matter jurisdiction to determine if the court has personal jurisdiction over Digital Juice.

## CONCLUSION

The court declines to rule on Defendant Digital Juice, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [8] and Plaintiff's Motion to Strike Supplemental Affidavit of Vivian T. Beason and Argument Based Thereon or in Alternative for Leave to File a Sur-Reply Memorandum [24]. Plaintiff's Motion for Remand [9] is granted. The Clerk of Court is directed to remand this action to Multnomah County Circuit Court. I do not award any attorney fees for the improper removal.

IT IS SO ORDERED.

Dated this _____22nd_____ day of August, 2012.


_____/s/ Garr M. King_____
Garr M. King
United States District Judge